UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee Ciccarelli, Esq. (0693)
Law Offices of Wenarsky and Goldstein, LLC
410 State Route 10 West
Suite 214
Ledgewood, NJ 07852

In Re:

    Patricia Wright,

                  Debtor.

**Chapter 13**

Case No. 24-19154

Honorable John K. Sherwood

Hearing:  April 10, 2025

# REPLY TO THE HARMON COVE TOWERS OBJECTION TO THE DEBTOR'S MOTION TO REDUCE CLAIM

1. I, Jenee K. Ciccarelli, Esq., of Ciccarelli Law, P.C., am the attorney of record for Patricia Wright, the ("Debtor") in the above-captioned case.

2. I submit this Certification in support of the Debtor's reply to the filed by Harmon Cove Towers I Condominium Association, Inc. ("Association"). The Association's objection and supporting documents are insufficient to deny the Debtor's request to reclassify the claim.

3. The Association argues that the large late fees in the proof of claim and the accelerated amounts contained in Its February 2024 lien are supported by a 2017 amendment to the by-laws.

4. First and foremost, the amendment was passed in a special meeting that required 1/3 of the Unit Owners to object and did not require a vote. by a 'failure to object' (See

Association Doc. No 33-1 p. 19 paragraph 3 and 4). Therefore, there was no affirmative vote for the amendment relating to the late fees and interest.

5. The Amendment itself is not enforceable. N.J.S.A. 46:8B-13(d), requires an amendment to be recorded, which this amendment does not appear to be recorded, and to be made for the enforcement and "reasonable administration." Association obj. Doc. No 33-1 p. 21 states "to pay late fees as set by the Board of Directors and interest at a rate set by the Board of Director. . ."In this case, the Association's amendments are not reasonable because the amount of the late fee, interest and enforcement are purely at the discretion of the Board.

6. Even if the Amendment itself is enforceable as written, there was insufficient notice to the Debtor for the Board to unilaterally increase the higher late payments and interest payment. The late payment went from $25 to almost $500 dollars and representing almost 50% of the monthly maintenance. The only notice provided by the Association was notice of an acceleration.

7. The Association also argues that it properly accelerated maintenance dues from February to December of 2024 and included them in the lien. The Association lien is seeking payment and creating a lien for amounts not yet due and owing. Again, the Association argued that the by-laws support that conclusion and that the Debtor was properly noticed. Association Doc. No 33-1 p. 12 paragraph 2. According to the Bylaws, the amount due can only be accelerated for the remaining months due for that fisc year and there must be 30 days delinquency. The Association's Exhibit D, notice of acceleration is dated January 5, and therefore notice is insufficient for them.

8. The Debtor suffered a significant hardship due to domestic abuse, which led to the delinquency.

9. As a result of the foregoing, the proof of claim should be reduced and reclassified as partially secured and partially unsecured.

The

    **WHEREFORE** the Debtor Objects to Proof of Claim No. 3 filed by Harmon Cove and

requests reclassification of the claim.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 13, 2025                                                              /s/Jenee K. Ciccarelli  
                                                                                             Jenee K. Ciccarelli, Esq.